**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| MARY CEBALT,<br><br>Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>Defendant. | CASE NO. 1:25-CV-436-HAB-ALT |

**OPINION AND ORDER**

Plaintiff Mary Cebalt filed her Complaint on July 31, 2025, in Allen County Superior Court. (ECF No. 4). Following removal of the case to this Court (ECF No. 1), Defendant Sun Life Assurance Company of Canada ("Sun Life") filed a Motion to Dismiss. (ECF No. 14). Cebalt filed a response in opposition (ECF No. 18) to which Sun Life replied. (ECF No. 24). For the below reasons, the Motion to Dismiss is DENIED.

## I. BACKGROUND

Prior to August 9, 2021, Cebalt was an employee of the Northwest Allen County School Corporation. ("NACS") (ECF No. 4 ¶¶ 5-6). While employed with NACS, she was insured under a group policy of long-term disability ("LTD") insurance ("Policy") provided by Sun Life. (*Id.* ¶¶ 2-3). Cebalt alleges in her Complaint that she stopped working on August 9, 2021, "due to symptoms related to medical conditions causing disability" (*Id.* ¶ 6), though in her response brief, she states that she stopped working due to disability on or about July 20, 2021 (ECF No. 18 at 1). In her Complaint, she alleges that she provided proof of disability to Sun Life but they denied her claim for LTD benefits under the Policy. (*Id.* ¶¶ 7-8, 10, 12). In her response brief, Cebalt clarifies

that Sun Life paid her LTD benefits between October 18, 2021, and October 17, 2023, before ultimately terminating the benefits. (ECF No. 18 at 1).

Cebalt claims that Sun Life breached the Policy provisions and that Sun Life's actions constitute bad faith—a breach of the covenant of good faith and fair dealing. She seeks damages "in an amount that will compensate [her] for the unpaid disability benefits, interest, and damages for [Sun Life's] bad faith refusal to pay this legitimate claim." (ECF No. 4 at 2).

## II. ANALYSIS

Sun Life argues both that Cebalt's lawsuit is untimely under the terms of the Policy and that her Complaint fails to state a plausible claim for bad faith. Before moving forward, the Court must first address whether the timeliness argument can properly be raised on a motion to dismiss. A motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims. Complaints need not address affirmative defenses as a plaintiff is not required to anticipate or plead around affirmative defenses. *United States v. N. Tr. Co.,* 372 F.3d 886, 888 (7th Cir. 2004). Despite this general rule, the statute of limitations[1] may be raised in a motion to dismiss if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009).

As presented by the parties' arguments, the timeliness question here is a matter of contract interpretation. The Policy directs that "[n]o legal action may start . . . more than 3 years after the

---

[1] Sun Life's assertion that Cebalt's claim is barred by the limitations period in the Policy is akin to a statute of limitations affirmative defense. *Emerick v. Blue Cross Blue Shield Anthem*, 2018 WL 1762848, at *3 (N.D. Ind. Apr. 11, 2018) (considering insurer's timeliness argument to be an affirmative defense similar to a statute of limitations).

time Proof of Claim is required." (ECF No. 9-1 at 51)[2]. The parties disagree on the meaning of "Proof of Claim" as used in this limitations provision. Sun Life contends that it refers to an initial proof of claim that claimants must submit 90 days after their first day of total or partial disability. Cebalt disagrees, arguing that it refers to later, periodic proofs of claim that Sun Life requests from claimants throughout the benefits payment period. Pursuant to Sun Life's reading, therefore, the statute of limitations on Cebalt's claim began to run three years after she submitted her initial proof of claim—according to Cebalt, on the other hand, the limitations period reset each time she responded to one of Sun Life's later requests for proof of claim.

The problem, however, is that the date on which Cebalt submitted her initial proof of claim—as well as the dates on which she submitted her subsequent proofs of claim—are not clear from the pleadings. In her Complaint, Cebalt states that she was "forced to leave her job on August 9, 2021, due to symptoms related to medical conditions causing disability." (ECF No. 4 ¶ 6). From that date, the Policy terms would allow the Court to extrapolate the date the initial proof of claim was due. However, in her response brief, Cebalt contradicts her Complaint and states that her first day of disability was July 20, 2021, leaving the Court unsure of which date to use. Further, the Complaint includes no dates at all regarding when the subsequent proofs of claim were due or submitted. Cebalt writes in her response brief that the last request for proof of claim was dated September 22, 2023, and attaches that request as an exhibit, thus proving that date. However, when a party attaches documents to a motion to dismiss—unless the documents are both referred to in the plaintiff's complaint and central to the plaintiff's claim—a court must either exclude the

---

[2] At the motion to dismiss stage, courts may consider in addition to pleadings "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court considers in this opinion the Policy filed by Sun Life at ECF No. 9-1.

documents or convert the motion into one for summary judgment. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). A Court has "complete discretion" over this decision. *Workman v. Deere & Co.*, 2026 WL 1759543, at *2 (C.D. Ill. June 18, 2026). Here, because discovery may provide insight into the dates the various proof of claims were filed, the Court will not consider the declaration and declines to exercise its discretion to convert the motion to dismiss into a motion for summary judgment.[3]

Though the Court will not consider the timeliness argument, Sun Life's assertion that Cebalt's bad faith claim should be dismissed for failure to state a claim remains. Implied in all insurance contracts in Indiana is the duty of an insurer to deal with its insured in good faith. *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993). A plaintiff may demonstrate an insurer breached its duty to act in good faith by demonstrating that the insurer (1) made an unfounded refusal to pay policy proceeds; (2) caused an unfounded delay in making payment, (3) deceived the insured, or (4) exercised any unfair advantage to pressure an insured into a settlement of his claim. *Id.* at 519. In her Complaint, Cebalt alleges that Sun Life violated the covenant of good faith and fair dealing by:

> a. Denying Ms. Cebalt's benefits when liability on the part of the insurance company is clear;
> b. Failing to conduct a proper investigation and review of this claim before denying Ms. Cebalt's benefits;
> c. Compelling the insured to initiate this litigation to recover the amount due to her under the terms of the policies;
> d. Ignoring the evidence of Ms. Cebalt's disability.

(ECF No. 4 ¶ 12).

---

[3] In *Brooks*, the Seventh Circuit explained that a statute of limitations argument was appropriate to consider on a motion to dismiss "because the relevant dates [were] set forth unambiguously in the complaint." 578 F.3d at 579. That is not the case here, so the Court cannot consider the limitations argument at this time. See also *Emerick*, 2018 WL 1762848, at *3 (on a motion to dismiss, finding that issues of fact as to when the plaintiff's cause of action arose prevented consideration of an argument the plaintiff's claims were barred pursuant to a contractual limitations period)

Defendants argue that "[m]ere denial of an insurance claim is not sufficient to constitute bad faith" and that "[a] claim of bad faith exists only when a claim is denied when the insurer knows that there is no rational, principled basis for doing so." (ECF No. 15 at 6). The Court finds that Cebalt's Complaint sufficiently alleges more than a "mere denial," as well as alleges a lack of rational or principled basis. Defendants further cite an Indiana Supreme Court case as stating that a successful bad faith claim "requires evidence of a state of mind of 'conscious wrongdoing' including 'dishonest purpose, moral obliquity, furtive design, or ill will.'" *Id.* (quoting *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2D 968, 977 (Ind. 2005)). That case does not address the specific allegations required to state a claim for bad faith, but rather addresses what ultimate evidence is required to prove such a claim. The Court finds that Cebalt's allegations sufficiently imply conscious wrongdoing at this stage.

Defendants additionally cite examples of opinions in which district courts in this circuit found similar allegations insufficient to state a claim for bad faith. *See* ECF No. 15 at 6 (citing *Rocky Top at Mission Hills LLC v. Travelers Indem. Co. of Am.*, 2016 WL 7116143 (S.D. Ind. Nov. 2, 2016) and *Family Christian World, Inc. v. Phila. Indem. Ins. Co.*, 2015 WL 6394476 (N.D. Ind. Oct. 21, 2015)). In *Rocky Top*, the Court found the plaintiff had failed to state a claim for bad faith where its allegations were solely that the defendant insurer "committed one or more violations of the Indiana Unfair Claims Settlement Practices Act," and that a violation of that Act constitutes proof of bad faith. 2016 WL 7116143, at *2. The court objected to the fact that the plaintiff failed to allege how the defendant violated the act, explaining that the plaintiff "must raise an inference that [the defendant] knew there was no legitimate basis for denying coverage." *Id.* In *Family Christian World,* the plaintiff alleged that the defendant insurer investigated the plaintiff's claim, issued reservation of rights letter, lost or destroyed evidence of the claim, and then refused to pay

the claim. 2015 WL 6394476, at *6. The Court found that these allegations fell "far short of evidencing the type of dishonest purpose, moral obliquity, furtive design, or ill will that constitutes a breach of the covenant of good faith and fair dealing." *Id.* (internal quotation marks omitted).

While the Court acknowledges similarities between the allegations in those cases and the allegations here, it notes that those cases are not binding on this Court, and additionally finds them distinguishable. Because Cebalt has alleged that Sun Life (1) denied her benefits when liability was clear, (2) ignored evidence, and (3) failed to conduct a proper investigation and review, the Court finds that—unlike those at issue in *Rocky Top* and *Family Christian World*—Cebalt's allegations sufficiently imply an intent on Sun Life's part to knowingly or intentionally deny benefits they knew were properly owed. Therefore, she has satisfied her pleading burden. Sun Life's Motion to Dismiss this claim is therefore DENIED.

In her response brief, Cebalt requested leave to amend her complaint to supplement her bad faith claim with additional allegations, including those additional allegations in the brief. (ECF No. 18 at 7-11). Defendants are correct that a plaintiff may not amend his or her complaint in a response brief to a motion to dismiss. *See Jones v. Northview Elem. Sch.*, 2019 WL 1755305, at *2 (N.D. Ind. Apr. 19, 2019). To the extent Cebalt still wishes to amend her complaint, she is granted leave to file an amended complaint as to her bad faith claim only, within fourteen days of the issuance of this order.

## III. CONCLUSION

For the reasons stated above, the Court:

(1) DENIES Sun Life's Motion to Dismiss (ECF No. 14); and

(2) GRANTS Cebalt leave to file, within fourteen days of the issuance of this order, an amended complaint amending only her bad faith claim.

**SO ORDERED** August 12, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT